# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 11-653V
Filed: March 21, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JOHNNY E. PENNINGTON, | * | **NOT TO BE PUBLISHED** |
| | * | |
| Petitioner, | * | Special Master Zane |
| | * | |
| v. | * | Stipulation; influenza (flu) vaccine; |
| | * | Guillain-Barre Syndrome ("GBS") |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Robert O'Conor, Jr.,* Houston, TX, for Petitioner
*Traci R. Patton*, United States Dep't of Justice, Washington, DC, for Respondent

### UNPUBLISHED DECISION[1]

On March 20, 2013, the parties in the above-captioned case filed a Stipulation memorializing their agreement as to the appropriate amount of compensation in this case. Petitioner alleged that he suffered from Guillain-Barre Syndrome ("GBS") as a consequence of his receipt of the influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table, 42 C.F.R § 100.3(a), and which he received on or about October 13, 2009. Petitioner alleges that he experienced the residual effects of this injury for more than six months. Petitioner also represents that there have been no prior awards or settlement of a civil action for these

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be disclosed and made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. If the Special Master, upon review, agrees that the identified material fits within the banned categories listed above, the Special Master shall redact such material from public access. 42 U.S.C. § 300aa-12 (d) (4); Vaccine Rule 18 (b). In the absence of a motion or should the Special Master disagree with the proposed redactions, the decision shall be disclosed in its entirety.

1

damages. Petitioner seeks compensation related to his injuries pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34.

Respondent denies that the vaccines caused Petitioner's GBS or any other injury or his current disabilities. Nonetheless, the parties have agreed informally to resolve this matter. Stipulation, Appendix A hereto. The court hereby ADOPTS the parties' said Stipulation, attached hereto as Appendix A, and awards compensation in the amount and on the terms set forth therein.

Because Petitioner is being awarded compensation pursuant to this decision, Petitioner is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). In their stipulation, the parties have agreed that an award of $49,223.59 in attorneys' fees and costs would be reasonable. Petitioner has represented that he personally has not incurred any litigation costs. The undersigned finds that the amount requested is reasonable. In accordance with 42 U.S.C. §§ 300aa–15(b) and (e)(1), the undersigned awards the amount of attorneys' fees and costs to which Respondent has agreed.

Specifically, Petitioner is awarded:

1) **a lump sum of $350,000.00, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a)**;** and

2) **a lump sum of $49,223.59 in the form of a check payable jointly to petitioner and petitioner's attorney, Robert O'Conner, Jr.,** for attorneys' fees and costs awarded pursuant to 42 U.S.C. §§ 300aa-15(b) and 15(e)(1).

The Court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Daria J. Zane
Daria J. Zane
Special Master

---

[2] This document constitutes a final "decision" in this case pursuant to 42 U.S.C. § 300aa-12(d)(3)(A). Unless a motion for review of this decision is filed within 30 days, the Clerk of the Court shall enter judgment in accordance with this decision. Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

JOHNNY E. PENNINGTON, )
)
      Petitioner, )
)
v. ) No. 11-653V
) Special Master Zane
SECRETARY OF HEALTH AND HUMAN ) ECF
SERVICES, )
)
      Respondent. )
)

## STIPULATION

The parties hereby stipulate to the following matters:

1. Johnny E. Pennington, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Mr. Pennington's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his flu immunization on October 13, 2009.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused him to suffer Guillian-Barré Syndrome ("GBS").

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer GBS or any other injury or condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.    A lump sum of $350,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

    b.    A lump sum of $49,223.59, in the form of a check payable jointly to petitioner and petitioner's attorney, Robert O'Conor, Jr., pursuant to 42 U.S.C. § 300aa-15(e), for attorneys' fees and costs. In accordance with General Order # 9, petitioner represents that all litigation costs were paid by petitioner's attorney and that petitioner did not personally incur any costs in proceeding on the petition.

9. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be

used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 13, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about October 11, 2011, in the United States Court of Federal Claims as petition No. 11-653V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act

or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's GBS or any other injury or condition.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

JOHNNY E. PENNINGTON

**ATTORNEY OF RECORD FOR
PETITIONER:**

ROBERT O'CONOR, JR.
P.O. Box 460187
Houston, TX  77056-8187
(713) 227-7777

**AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-1589

Dated: 3-20-2013